CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

JUL 2 1 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOHN D. WILLEY, | ) |
| Plaintiff, | ) Case No. 7:02CV00901 |
| v. | ) **MEMORANDUM OPINION** |
| COUNTY OF ROANOKE, *and* ELMER HODGE, | ) By: Hon. James C. Turk |
| | ) Senior United States District Judge |
| Defendants. | ) |

This case is before the court on the defendants' motion for summary judgment. (Dkt. No. 11). The plaintiff, John D. Willey ("Willey"), brought this complaint following his termination of employment pursuant to a reduction in force plan implemented by the defendant, County of Roanoke ("Roanoke"). Willey alleges the defendants violated his federal constitutional right to due process, and breached its employment contract with him. The parties have briefed the issues, and the Court heard oral arguments on July 8, 2005, thus the matter is now ripe for decision. Upon consideration of the record, the arguments of counsel, and the applicable law, the Court grants the defendant's Motion for Summary Judgment as to the federal claim, and remands the case to the Roanoke County Circuit Court for adjudication as to the state law claim.

I

Willey began working for Roanoke in April 1984 as a County Assessor. After a number of years, he became property manager in its General Services Department. As Willey acquired more duties, he eventually earned the title of Director of Property Fleet, Environmental Manager.

1

In that position, Willey oversaw the operation of the Roanoke garage, administered its budget, and supervised the maintenance of county vehicles. By early 2002, he had responsibility over eight Roanoke employees: a garage supervisor, a clerical person, four mechanics, and two welder/machinists.[1] Additionally, he helped refurbish the Salem Office Supply building, and assisted in the leasing and maintenance of the Salem Bank & Trust building. Although his title included environmental management, his duties in that area had not become defined by the time of his termination. That is, he did not preform any substantive duties as environmental manager.

In February 2002, Willey learned that County Administrator Elmer Hodge ("Hodge") had implemented a reduction in force program that required the abolishment of the plaintiff's job. Hodge informed Willey that his employment with Roanoke would terminate on July 1 of that year if he did not find another position. According to this plan, Roanoke redistributed his responsibilities to other employees. For example, the garage supervisor assumed Willey's duties in the garage.

Between February and July, Willey unsuccessfully interviewed for two positions that were at his same pay grade and job class. He first interviewed for a garage supervisor position, but was not offered the job. He had assumed the duties of that position for a number of months in the fall of 2001, and believed he had the skills necessary to do the job on a permanent basis. He admits, however, that his mechanical expertise did not meet the posted requirements for the job. He also interviewed for a position as assistant director of general services.

Because Willey failed to secure another position before July 1, he was terminated. Willey

---

[1] Willey did not supervise any temporary or part-time employees, and he had worked for Roanoke longer than all of the employees in his department.

2

then filed a grievance, but withdrew it after completing the second of four steps. He then filed a motion for judgment in Roanoke County Circuit Court, and the defendants removed it to this Court because the plaintiff presented a federal question.

II

Upon motion for summary judgment, the Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986); *Nguyen v. CNA Corp.*, 44 F.3d 234, 236-7 (4th Cir. 1995). Summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). However, "[t]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

When a motion for summary judgment is made and properly supported by affidavits, depositions, or answers to interrogatories, the non-moving party may not rest on the mere allegations or denials of the pleadings. Instead, the non-moving party must respond by affidavits or otherwise and present specific facts showing that there is a genuine issue of disputed fact for trial. FED. R. CIV. P. 56(e). If the non-moving party fails to show a genuine issue of fact, summary judgment, if appropriate, may be entered against the non-moving party. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In determining whether a material fact is in dispute, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. The nonmoving party, however, must produce "significantly probative evidence" from which a

3

reasonable jury could return a verdict in favor of the nonmoving party. *Abcor Corp. v. AM International, Inc.*, 916 F.3d 924 (4th Cir. 1990). Therefore, a genuine factual dispute exists and summary judgment is improper if this Court finds, after a scrupulous review of the record, that a reasonable jury could return a verdict for Willey. *See Evans v. Technologies Applicatins & Service Co.*, 80 F.3d 954 (4th Cir. 1996).

### III

Congress enacted 42 U.S.C. §1983 as a vehicle for plaintiffs to redress violations of federal law by those acting under the color of state law. *Kendal v. City of Chesapeake*, 174 F.3d 437, 440 (4th Cir. 1999). Here, Willey asserts that Roanoke terminated him without due process of law in violation of the Fourteenth Amendment. "A public employee who is discharged without a hearing, and then seeks to invoke the protection of the due process clause of the Fourteenth Amendment, must first establish that he has been deprived of a liberty or property interest protected by that clause" *Royster v. Board of Trustees of Anderson County School Dist. No. Five*, 774 F.2d 618, 620 (4th Cir. 1985). A plaintiff has a property interest in his job when state law rules and understandings provide a sufficient expectancy of continued employment. *Jenkins v. Weatherholtz*, 909 F.2d 105, 107 (4th Cir. 1990).

Under Virginia law, employees are presumed to have an at-will relationship with their employer. *County of Giles v. Wines*, 262 Va. 68, 72, 546 S.E.2d 721, 723 (2001). That is, Virginia employees generally do not have an expectancy of continued employment. A plaintiff may rebut this presumption, however, if he musters sufficient evidence to show that the employment is for a definite term. *Id.* For example, an employee handbook that mandates

4

dismissal only for just cause is sufficient. *Id.* An employee handbook that merely states various permissible reasons for termination, however, does not overcome this burden. *Id.* at 73, 546 S.E.2d at 723. Finally, a handbook that includes conflicting language (i.e. a statement preserving the at-will relationship, and a statement that the employee will only be terminated for cause) will not rebut the presumption. *Id.* at 74, 546 S.E.2d at 724 (quoting *Progress Printing Co. v. Nichols*, 244 Va. 337, 342, 421 S.E.2d 428, 431 (1992)).

The defendants maintain that the County of Roanoke Employee Handbook ("Handbook") preserves the presumption of an at-will relationship. The defendants base their position on two statements that the document is not intended to alter the at-will employment relationship. The first statement occurs on the second page in the "Purpose and Scope of Handbook" section. There, it states: "the handbook does not guarantee employment for any definite period of time, and does not alter the 'at-will' relationship between employer and employee." COUNTY OF ROANOKE, COUNTY OF ROANOKE EMPLOYEE HANDBOOK, Purpose and Scope of Handbook (February 2001). Also in the chapter on conduct, it states, "*the County does not intend this handbook to alter the at-will nature of its relationship with employees.* To the contrary, this handbook provides employees with a general understanding of what can be expected from a violation of certain policies and/or procedures." *Id.* at 13.

The plaintiff, however, responds that he had a legitimate claim of entitlement to his job because state law requires local governments to follow their procedures when terminating an employee. *See* VA. CODE § 15.2-1503(B) (requiring state and local governments to follow their rules when terminating an employee). Willey cites the procedure in the Handbook for terminating employees that provides a noninclusive list of offenses that may result in termination. He also

5

says the defendants failed to follow the procedures concerning the implementation of a reduction in force.

Although the Handbook creates a procedure for terminating employees and for implementing a reduction in force,[2] it also includes language preserving the employment at-will relationship. Thus, the plaintiff has not overcome the presumption of at-will employment.[3] *See Progress Printing Co.*, 244 Va. at 342, 421 S.E.2d at 431.

Because the plaintiff has not established that he had a property interest in his job, the Court will not reach the issue of whether he was afforded the rudiments of fair procedure. *See Cleveland Board of Educ. v. Loundermill*, 470 U.S. 532, 541 (1985) (holding that once it is determined that the Due Process Clause applies, the question remains what process is due.). The Court also declines to exercise supplemental jurisdiction over the plaintiff's remaining state law claim of breach of contract. 28 U.S.C. § 1367(c); *Hinson v. Norwest Financial South Carolina, Inc.*, 239 F.3d 611, 617 (4th Cir. 2001)

For the foregoing reasons, the Court grants the defendant's motion for summary judgment as to the 1983 claim, and remands the case to the Roanoke County Circuit Court for adjudication as to the state law claim.

The Clerk is directed to send certified copies of this memorandum opinion and

---

[2] The procedures do not state that an employee will only be terminated for just cause. Rather, they provide a non-inclusive list of offenses that may result in termination. *See* COUNTY OF ROANOKE EMPLOYEE HANDBOOK, 16.

[3] The plaintiff cites a number of cases to support his argument that the Handbook created an employment contract, however, his analysis does not address the effect of *Progress Printing Co.*. As explained *infra*, the Supreme Court of Virginia now recognizes that a disclaimer in employment handbook nullifies the effect of a statement providing termination only for just cause. That is, the two statements in the same handbook will not rebut the presumption of at-will employment.

6

accompanying order to counsel of record for both the plaintiff and the defendants, and to strike the cause from the active docket of the Court.

ENTER: This 21st day of July, 2005.

_____
Senior United States District Judge

7